## W. C. AND THOMAS MEEKS v. R. B. WINGFIELD.

### SUPREME COURT, TYLER TERM, 1882.

*Trespass to try title—Insufficient description—Rule of description*—The description in a petition is required by the statute to be sufficient to identify the premises, "so that from such description possession thereof may be delivered," and the same rule applies to the judgment. See case for two inconsistent descriptions of the land sued for.

Opinion by Gould, C. J.—This is an action of trespass to try title, and the only question is the sufficiency of the description of the land in the petition, and in the judgment, which follows the petion. That description is "bounded as follows: An undivided interest in 466 acres of land in a tract containing 1098 acres, patented to Faris Montgomery, June 8, 1845, beginning at a post the south corner of survey No. 201; thence south, 45 east, 3172 varas, a post (omitting description calls); thence south, 45 east, 1607 varas, a post; thence north, 45 west, 3172 varas, a post; thence north, 45 east, 1607 varas, to the beginning."

Then follows the allegation: "That plaintiff, by agreement with one Davis, who owned the remainder of said tract, took the 466 acres owned by her off the north end of said survey, that being the part occupied and claimed by defendants." The description in the judgment is the same, and it is ordered in the said judgment "that the 466 acres owned by plaintiff be taken off the north end, etc."

There is a manifest inconsistency between the description as first given, which is of an undivided interest of 466 acres in a tract of 1098, and the further averment that the plaintiff, by agreement, had taken her interest off the north end of said survey.

The latter averment is an imperfect attempt to describe a specific 466 acres of land.

It is not unworthy of remark that there also is manifest error in

the field notes of the 1098 acre tract; that error, however, is one patent on the face of the field notes, from which it is evident that the 1098 acres attempted to be described is rectangular in form.

If the case were one of sale of 466 acres off the north end of such a tract, without further identifying the land sold, it might be inferred in support of the contract that the land was to be divided by a line parallel to the north side of the rectangle; that mode of division being natural and usual, the inference would be that if any other had been intended it would have specified. But the description in a petition is required by the statute to be sufficient to identify the premises, "so that from such description possession thereof may be delivered," and the same rule applies to the judgment.

We are not at liberty to indulge the same inferences to support the petition or the judgment, because the statute requires the description to be sufficient in itself.

Clearly 466 acres may be taken off the north end of the rectangular tract of land without making the 466 acres also rectangular.

The case presented, then, is one in which there are two inconsistent descriptions of the land sued for, one as an undivided interest, the other as a specific tract of 466 acres. But in the latter the 466 acres is not described so that it can be identified. Such a contradiction, and such uncertainty in the petition and in the judgment of the court, are in contravention of the statute and of the certainty which should obtain in judgments for the recovery of lands.

Because of this error, the judgment is reversed and the cause remanded.